BINGHAMTON FIREMEN'S BENEVOLENT ASSOCIATION OF BINGHAMTON, NEW YORK, Appellant, v. JOSEPH L. MCELHILL, as Treasurer of the Binghamton Fire Department and as Treasurer of the City of Binghamton, et al., Respondents.

Third Department, November 13, 1959.

*Night, Keller & Birch* (*William E. Night* and *Chandler Keller* of counsel), for appellant.

*John V. Romagnoli, Corporation Counsel* (*John J. Connerton* of counsel), for respondents.

GIBSON, J. Plaintiff appeals from a judgment dismissing the complaint, entered upon a decision, in an action for a judgment declaratory of the rights of the parties in respect of the payments required to be made annually by foreign fire insurance companies writing insurance upon property within the City of Binghamton "for the use and benefit of [the city] fire department". (Insurance Law, §§ 553, 554.)

Plaintiff was incorporated in 1911 as a membership corporation comprising all of the paid firemen of the City of Binghamton and by its certificate of incorporation was authorized to receive and disburse "the foreign fire insurance tax, so-called, payable to said Association under the provisions of Chapter 444, Laws of 1911". Chapter 444, authorizing such payment to plaintiff, was enacted to amend chapter 294 of the Laws of 1869 which incorporated the Binghamton Fire Department, but both the 1869 and the 1911 acts were repealed by chapter 494 of the Laws of 1912. By chapter 403 of the Laws of 1912, the pension fund, of which the defendants, other than defendant city, are the trustees, was established, to consist, among other property, of all securities, properties and moneys paid into the fund by plaintiff association and all moneys collected from the tax on fire insurance companies. All such moneys have since been paid into the pension fund.

In 1935, the city entered the State Employees' Retirement System. In the same year, pursuant to the authority of section 17 of the City Home Rule Law, the city, by Local Law No. 2, amended chapter 403 of the Laws of 1912 by adding section 22 which provided, among other things, that no member of the Fire Department appointed after January 1, 1935 should be

a member of the relief and pension system or receive any benefits from the pension fund. By Local Law No. 2 of 1941, chapter 403 was further amended by adding section 23 providing for the termination of the pension fund upon the death of all persons then or thereafter entitled to benefits, at which time the fund should become the property of the city. It is abundantly clear that the receipts from the tax have been entirely used to pay pensions. In 1955, for example, the tax received was approximately $12,000 and pensions in excess of $132,000 were paid.

The basis of plaintiff's claim is that inasmuch as members of the Fire Department appointed since January 1, 1935 can receive no benefit from the pension fund, the taxes received after that date were not and cannot be used for the benefit of *all* the members of the Fire Department. From this conceded fact, plaintiff's argument proceeds on the theory that the provision in both sections 553 and 554 respecting payment "for the use and benefit of [the] fire department" must be construed as intending the use of the proceeds for the benefit of *all* of the members of the Fire Department. The argument for such a result may be persuasive but the plain language of the statute and that of the act establishing the pension fund do not compel the construction urged and it is clear that the funds continue to be properly used for the express purposes provided by the 1912 act. As was succinctly stated by the trial court, "the Legislature did not modify or repeal the Special Statute and, obviously, it may not be done by judicial fiat no matter how meritorious such action may appear to be."

No objection has been raised to the form of the judgment insofar as it dismisses the complaint instead of declaring the rights of the parties (cf. *Hoffman* v. *City of Syracuse,* 2 N Y 2d 484, 487) but the result is, in any event, tantamount to a declaration that plaintiff has no interest in the fund, presently or in future, constituting the subject matter of the action.

The judgment should be affirmed, with costs.

BERGAN, J. P., COON and HERLIHY, JJ., concur; FOSTER, P. J., not voting.

Judgment affirmed, with costs.